# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>    vs.<br>CHANNEL 51 OF SAN DIEGO, INC.,<br>LICENSEE OF KUSI-TV, SAN DIEGO,<br>CA,<br>                                    Defendant. | **CASE NO. 08-CV-01978-H (POR)**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

      On October 24, 2008, the United States of America ("United States") filed a complaint against Channel 51 of San Diego, Inc., Licensee of KUSI-TV, San Diego, CA ("Defendant") to enforce the recovery of monetary penalties issued by the Federal Communications Commission ("FCC"). (Doc. No. 1.) On February 5, 2010, Defendant filed a motion to dismiss the United States' complaint and a request for judicial notice. (Doc. Nos. 12 & 13.) In its motion to dismiss, Defendant argues that the FCC failed to adhere to the time frames prescribed by 47 U.S.C. § 503(b)(6)(A), and accordingly, that the forfeiture action was untimely. (Doc. No. 12-1.) On March 1, 2010, the United States filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 14.) On March 8, 2010, Defendant filed a reply in support of its motion to dismiss. (Doc. No. 15.)

The Court held a hearing on Defendant's motion on March 16, 2010. Raven Norris appeared on behalf of the United States and Jason Santana appeared telephonically on behalf of Defendant. The Court takes judicial notice of the documents provided by Defendant to the extent those documents are properly subject to judicial notice. For the reasons set forth below, the Court grants Defendant's motion to dismiss.

## BACKGROUND

The United States alleges that on October 26 and 27, 2003, Defendant broadcasted emergency information regarding wildfires that were occurring throughout Southern California. (Doc. No. 1 ¶ 10.) The Untied States alleges that the FCC subsequently received a consumer complaint against Defendant alleging that Defendant failed to make information regarding the wildfires available to persons with hearing disabilities. (Id.) On February 23, 2005, the FCC's Enforcement Bureau released a Notice of Apparent Liability for Forfeiture ("Notice") to Defendant proposing a monetary forfeiture of $25,000. (Id. ¶ 13.) Defendant responded to the Notice in a letter dated May 10, 2005. (Id. ¶ 15.) On December 1, 2006, Defendant's current FCC license commenced. (Doc. Nos. 13, 14 at 5, & 15 at 4 n.1.) On September 17, 2008, the FCC's Enforcement Bureau entered a Forfeiture Order against Defendant pursuant to 47 U.S.C. § 503(b). (Doc. No. 1 ¶ 16.)

## DISCUSSION

**I.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citation and quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**A.     Statute of Limitations**

Defendant's motion to dismiss argues that the forfeiture order against Defendant was not imposed within the time prescribed by the relevant statute of limitations. (Doc. No. 12.) Title 47 U.S.C. § 503(b) provides that:

> (6) No forfeiture penalty shall be determined or imposed against any person under this subsection if--
>
>   (A) such person holds a broadcast station license issued under subchapter III of this chapter and if the violation charged occurred–
>
>     (i) more than 1 year prior to the date of issuance of the required notice or notice of apparent liability; or
>
>     (ii) prior to the date of commencement of the current term of such license,
>
>     whichever is earlier . . . .

According to the statute, the Court must first determine whether the one-year anniversary of the alleged violations or the commencement of Defendant's current FCC license occurred earlier. 47 U.S.C. § 503(b)(6)(i)&(ii). The one-year anniversary of the alleged violations occurred in October 2004. (See Doc. No. 1 ¶ 10.) Defendant's current license term commenced in December 2006. (Doc. Nos. 13, 14 at 5, & 15 at 4 n.1.) The one-year anniversary of the alleged violations therefore occurred earlier than the commencement of Defendant's current license term. Accordingly, pursuant to 47 U.S.C. § 503(b)(6)(A), no forfeiture action can be determined or imposed against Defendant if the date of issuance of the Notice was more than one year after the alleged violations. Here, the Notice was issued on February 23, 2005, approximately four months after the one-year anniversary of the alleged violations. (See Doc. No. 1 ¶¶ 10, 13.) Accordingly, the Notice was not issued within the time prescribed by the statute of limitations, and the FCC may not impose a forfeiture penalty.

The United States agrees that "[t]here is no dispute that the violation at issue in this case, which took place in October 2003, occurred 'more than 1 year prior to the' Commission's February 23, 2005 Notice of apparent Liability." (Doc. No. 14 at 3.) Nonetheless, the United

1 States contends that the forfeiture action was timely because the Notice was issued before the
2 expiration of the license term in effect at the time of the alleged violation, as allowed by 47
3 U.S.C. § 503(b)(6)(A)(ii). (Doc. No. 14 at 3.) The United States' argument, however, ignores
4 the phrase "whichever is earlier," which appears in 47 U.S.C. § 503(b)(6)(A).  This phrase
5 means that whichever of the two conditions mentioned in  47 U.S.C. § 503(b)(6)(A)(i)&(ii)
6 occurs first acts to cut off the period in which a notice of apparent liability can issue.  Since
7 the one-year anniversary of the alleged violation occurred first, whether the Notice was issued
8 during the current term of the license is irrelevant.

9       The United States cites <u>United States v. Evergreen Media Corp. of Chicago, AM</u>, 832
10 F. Supp 1179 (N.D. Ill. 1993) to support its argument that the FCC's forfeiture action is timely.
11 (Doc. No. 14 at 4.)  In <u>Evergreen</u>, an Illinois district court considered the legislative history
12 and text of the 1978 version of § 503(b)(6) and determined that "[w]hen Congress said
13 'earlier,' they meant 'later.'"[1]   <u>Evergreen</u>, 832 F. Supp at 1182.  Accordingly, the court
14 concluded that although the notice of apparent liability was issued over one year after the
15 alleged violations, it was timely because it was issued before the expiration of the license term
16 in which the violations allegedly occurred.  <u>Id.</u>   The version of § 503(b)(6) considered in
17 <u>Evergreen</u> was revised to its current form in 1992.  The revision renders the analysis in

---

[1] The 1978 version of § 503(b)(6) stated, in the relevant part, that:
>    No forfeiture penalty shall be determined or imposed against any person under
>    this subsection if--
>        (A) such person holds a broadcast station license issued
>        under subchapter III of this chapter and if the violation
>        charged occurred–
>            (i) more than 1 year prior to the date of issuance of
>            the required notice or notice of apparent liability; or
>            (ii) prior to the date of commencement of the
>            current term of such license,
>    whichever is earlier so long as such violation
>    occurred within 3 years prior to the date of issuance
>    of such required notice . . . .

Interpreting this statute, the <u>Evergreen</u> court determined that the text only made sense if the term "whichever is earlier" actually means "whichever is later" because "[i]f the statute of limitations will always expire within one year at the latest, why also say that it will expire within three years at the latest."  <u>Evergreen</u>, 832 F. Supp at 1182.  In 1992, Congress eliminated the phrase "so long as such violation occurred within 3 years prior to the date of issuance of such required notice" from § 503(b)(6).

Evergreen inapplicable to this case, and the Court declines to follow Evergreen's reasoning.[2] Instead, the Court concludes that analyzing the facts in light of the plain meaning of the statute is appropriate and the Court declines to conclude that "whichever is earlier" actually means "whichever is later." Though this strained interpretation may make more sense in light of the legislative history and relevant administrative procedures, this Court's function is to apply the law as written. If Congress determines that this Court's interpretation is incorrect, it has the power to modify the text of the statute.

## CONCLUSION

Since the FCC issued its Notice more than one year after the occurrence of the alleged violations, its action is not timely and the forfeiture penalty may not be imposed. Accordingly, the Court grants Defendant's motion to dismiss the United States' complaint.

**IT IS SO ORDERED**.

DATED: March 16, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record

---

[2] The United States also cites In the Matter of Jones College, 24 FCC Rcd 10157, 10159 (Enf. Bur. 2009) to support its argument. (Doc. No. 14 at 5.) The 2009 FCC decision adopts, without further explanation, Evergreen's reasoning regarding the term "whichever is earlier" in 47 U.S.C. § 503(b)(6)(A). Since the Court concludes that the Evergreen analysis is not relevant to this case, the Court declines to consider In the Matter of Jones College persuasive authority.